# EXHIBIT B

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| *State of New Mexico v. Citigroup Inc.*[1] | *Blackie v. Capital One Bank (U.S.A.), N.A.*[2] | *Carr v. Capital One Bank (U.S.A.), N.A.*[3] | *Denton v. Dep't Stores Nat'l Bank*[4] | *Esslinger v. HSBC Bank USA Inc.*[5] |
|---|---|---|---|---|
| **Para. 5**. … Defendants make no effort to determine whether consumers are eligible for the benefits associated with the Plans at the time of sale, Defendants bill New Mexico consumers for this Payment Protection coverage, regardless of their status at the time of enrollment. | **Para. 7**. Capital One makes no effort to determine whether a consumer is eligible for Payment Protection benefits at the time of sale. As a consequence, the Company bills thousands of senior citizens and retired Pennsylvania residents for Payment Protection coverage, even though their unemployed status prevents them from receiving benefits under the plan. | **Para. 7.** Capital One makes no effort to determine whether a consumer is eligible for Payment Protection benefits at the time of sale. As a consequence, the Company bills thousands of senior citizens and retired New Jersey residents for Payment Protection coverage, even though their unemployed status prevents them from receiving benefits under the plan. | **Para. 4.** DSNB makes no effort to determine whether a subscriber is eligible for … benefits at the time of sale. As a consequence, the Company bills thousands of retired persons … even though their employment or health status prevents them from receiving benefits under the plan. | **Para. 6.** HSBC makes no effort to determine whether a subscriber is eligible for … benefits at the time of sale. As a consequence, the Company bills thousands of retired persons … even though their employment or health status prevents them from receiving benefits under the plan. |

---

[1] No. 13-cv-00580-WPL-KBM (D.N.M.)
[2] No. 10-cv-823 (E.D. Pa. filed Feb. 26, 2010)
[3] No. 10-cv-1014 (D.N.J. filed Feb. 25, 2010)
[4] No. 10-cv-5830 (W.D. Wash. filed Aug. 31, 2011)
[5] No. 10-cv-3213 (E.D. Pa. filed July 2, 2010)

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| *State of New Mexico v. Citigroup Inc.* | *Blackie v. Capital One Bank (U.S.A.), N.A.* | *Carr v. Capital One Bank (U.S.A.), N.A.* | *Denton v. Dep't Stores Nat'l Bank* | *Esslinger v. HSBC Bank USA Inc.* |
|---|---|---|---|---|
| **Para. 18.**  Upon information and belief, Defendants offer, market and sell ancillary products to all Citi credit card holders, but most aggressively market these products to vulnerable New Mexico consumers who fall into the subprime credit category, who have low credit limits because of impaired credit ratings, or who are looking to establish or re-establish their credit. | **Para. 22.** Capital One markets Payment Protection primarily to Pennsylvania consumers who fall into the "subprime" credit category, or customers who have low credit limits because of impaired credit ratings. | **Para. 21.**  Capital One markets Payment Protection primarily to New Jersey consumers who fall into the "subprime" credit category, or customers who have low credit limits because of impaired credit ratings. | - - - - | **Para. 30.**  Upon information and belief, HSBC offers Payment Protection to all its credit card customers, but aggressively markets this product to vulnerable Pennsylvania consumers who fall into the subprime credit category, or customers who have low credit limits because of impaired credit ratings. |
| **Para. 20.**  … Citi's ancillary products are in fact a dense maze of limitations, exclusions, and restrictions, making it impossible for consumers to knowingly determine what these products cover and whether they provide a worthwhile benefit. | - - - - | - - - - | **Para. 4.**  … DSNB's Payment Protection plan is a dense maze of limitations, exclusions and restrictions, making it impossible for customers to determine what Payment Protection covers and whether it is a sound financial choice. | **Para. 5.**  … HSBC's Payment Protection plan is a dense maze of limitations, exclusions and restrictions, making it impossible for customers to determine what Payment Protection covers and whether it is a sound financial choice. |

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| *State of New Mexico v. Citigroup Inc.* | *Blackie v. Capital One Bank (U.S.A.), N.A.* | *Carr v. Capital One Bank (U.S.A.), N.A.* | *Denton v. Dep't Stores Nat'l Bank* | *Esslinger v. HSBC Bank USA Inc.* |
|---|---|---|---|---|
| **Para. 38.** Many cardholders have no idea they are enrolled in an ancillary product plan and do not notice or appreciate the meaning of the line-item charge for the Plan on their credit card bills. This is because the charge is listed as one of the cardholder's monthly purchases. | - - - - | - - - - | - - - - | **Para. 37.** If Payment Protection is imposed and no written materials are provided, the only way subscribers could ever know they have been enrolled in Payment Protection and are being charged for this product is from noticing a line item fee listed on their monthly credit card statements. |
| **Para. 46.** Defendants do not designate Payment Protection as an "insurance product." By so doing, Defendants avoid state regulation … | **Para. 21.** Payment Protection is self-described by Capital One as a non-insurance product, although it is indistinguishable from the company's credit insurance products. Capital One has not registered or identified Payment Protection as an insurance product with the appropriate State authorities. | **Para. 20.** Payment Protection is self-described by Capital One as a non-insurance product, although it is indistinguishable from the company's credit insurance products. Capital One has not registered or identified Payment Protection as an insurance product with the appropriate State authorities. | - - - - | **Para. 2.** Although HSBC's Payment Protection is indistinguishable from a contract of credit insurance, Payment Protection is not marketed or sold as insurance. HSBC does not register Payment Protection with the Pennsylvania Department of Insurance, thereby avoiding state regulation. |

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| *State of New Mexico v. Citigroup Inc.* | *Blackie v. Capital One Bank (U.S.A.), N.A.* | *Carr v. Capital One Bank (U.S.A.), N.A.* | *Denton v. Dep't Stores Nat'l Bank* | *Esslinger v. HSBC Bank USA Inc.* |
|---|---|---|---|---|
| **Para. 57.** Each Payment Protection Plan contains different terms and conditions, which are complicated and varied. However, each of the Plans provides for some form of payment suspension upon the occurrence of the following defined events . . . The restrictions, limitations, and exclusions associated with these benefit triggering events are expansive and constantly evolving. | - - - - | - - - - | **Para. 20.** The terms of DSNB's Payment Protection scheme are varied, complicated and always changing. However, all of the various plans provided for some form of payment suspension upon the occurrence of the following events …<br><br>**Para. 21.** The restrictions, limitations and exclusions associated with these events that trigger Payment Protection are expansive and constantly evolving. | **Para. 38.** The terms of HSBC's Payment Protection scheme are varied, complicated and always changing. However, all of the various plans provided for some form of payment suspension upon the occurrence of the following events … |
| **Para. 58.** Defendants do not make a reasonable effort and do not undertake an investigation, including review of information in their possession regarding the cardholder, to determine if Payment Protection coverage would apply to the cardholder.… | **Para. 29.** Capital One sells Payment Protection to Pennsylvania consumers without any consideration for the circumstances of the consumer or any reasonable investigation into facts that may cause the product to be worthless to the consumer. | **Para. 28.** Capital One sells Payment Protection to New Jersey consumers without any consideration for the circumstances of the consumer or any reasonable investigation into facts that may cause the product to be worthless to the consumer. | - - - - | **Para. 47.** HSBC makes no reasonable efforts and undertakes no investigation, including review of information in its possession regarding the cardholder, to determine if Payment Protection coverage would apply to the cardholder. |

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| State of New Mexico v. Citigroup Inc. | Blackie v. Capital One Bank (U.S.A.), N.A. | Carr v. Capital One Bank (U.S.A.), N.A. | Denton v. Dep't Stores Nat'l Bank | Esslinger v. HSBC Bank USA Inc. |
|---|---|---|---|---|
| **Para. 59.** Defendants aggressively market and target New Mexico cardholders for enrollment in Payment Protection, even when Defendants have information in their possession indicating that the product may have limited or no value to the particular consumer. | - - - - | - - - - | - - - - | **Para. 47.** Accordingly, HSBC engages in marketing to enroll individuals in Payment Protection even when it has information in its possession indicating that the product may have limited or no value to the consumer. |
| **Para. 60.** Telephone marketing scripts are incomplete, indecipherable, misleading, and use obfuscatory language. Similarly, if provided, the written materials or "information" are incomplete, indecipherable, misleading, and contain obfuscatory language. | **Para. 25.** The telephone marketing scripts and the written material provided by Capital One are incomplete, indecipherable, misleading and obfuscatory. | **Para. 24.** The telephone marketing scripts and the written material provided by Capital One are incomplete, indecipherable, misleading and obfuscatory. | **Para. 22.** The telephone marketing scripts and the written materials provided by DSNB are incomplete, indecipherable, misleading and obfuscatory. | **Para. 43.** The telephone marketing scripts and the written materials provided by HSBC are incomplete, indecipherable, misleading and obfuscatory. |
| **Para. 61.** One example of this misleading and obfuscatory language is Defendants' failure to disclose that Payment Protection is actually akin to an insurance product as noted above. Despite this fact, marketing materials carefully avoid any use of the word "insurance." … | **Para. 26.** As an example of the misleading and obfuscatory language is Capital One's failure to disclose that Payment Protection is an insurance product. Despite this fact, Capital One's marketing materials carefully avoid any use of the word "insurance." | **Para. 25.** As an example of the misleading and obfuscatory language is Capital One's failure to disclose that Payment Protection is an insurance product. Despite this fact, Capital One's marketing materials carefully avoid any use of the word "insurance." | - - - - | **Para. 44.** As an example of the misleading and obfuscatory language is HSBC's failure to disclose that Payment Protection is actually akin to an insurance product. Despite this fact, HSBC's marketing materials carefully avoid any use of the word "insurance." |

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| State of New Mexico v. Citigroup Inc. | Blackie v. Capital One Bank (U.S.A.), N.A. | Carr v. Capital One Bank (U.S.A.), N.A. | Denton v. Dep't Stores Nat'l Bank | Esslinger v. HSBC Bank USA Inc. |
|---|---|---|---|---|
| **Para. 65.** Retired New Mexico cardholders, many of whom are senior citizens, are charged for Defendants' ancillary products, even though they are categorically excluded from receiving many of the Plan's benefits. Defendants do not ask customers whether they are retired. | **Para. 29.** For instance, many Pennsylvania senior citizens and retired persons are charged for this merchandise although they are categorically excluded from receiving most or all of the benefits under the plan. | **Para. 28.** For instance, many New Jersey senior citizens and retired persons are charged for this merchandise although they are categorically excluded from receiving most or all of the benefits under the plan. | **Para. 24.** For instance, Washington retired persons, many of whom are senior citizens, are charged for this product even though they are categorically excluded from receiving most or all of the benefits under the plan. | **Para. 49.** For instance, Pennsylvania retired persons, many of whom are senior citizens, are charged for this product even though they are categorically excluded from receiving most or all of the benefits under the plan. In fact, HSBC does not even ask customers whether they are retired. |
| **Para. 66.** New Mexico consumers who are part-time workers, seasonal workers, and workers concluding an employment contract (including ending a military tour of duty) are also limited or categorically excluded from receiving benefits under the Plan.… However, Defendants make no effort to investigate whether any of the New Mexico consumers they charge for Payment Protection are part-time, seasonal or military workers. Moreover, these terms are not adequately communicated or defined in written materials. | **Para. 30.** In addition, part-time or seasonal workers, and those that are self-employed, are also categorically excluded from receiving benefits. However, Capital One makes no effort to investigate whether any of the Pennsylvania consumers that pay for Payment Protection are part-time, seasonal or self-employed. Further, these terms are never adequately defined in any Capital One materials. | **Para. 29.** In addition, part-time or seasonal workers, and those that are self-employed, are also categorically excluded from receiving benefits. However, Capital One makes no effort to investigate whether any of the New Jersey consumers that pay for Payment Protection are part-time, seasonal or self-employed. Further, these terms are never adequately defined in any Capital One materials. | **Para. 26.** Further, upon information and belief, part-time or seasonal workers are also limited or categorically excluded from receiving benefits. However, DSNB makes no effort to investigate whether any of the Washington consumers that pay for Payment Protection are part-time or seasonal. These terms are not adequately communicated or defined in any DSNB materials. | **Para. 51.** Further, part-time or seasonal workers are also limited or categorically excluded from receiving benefits. … However, HSBC makes no effort to investigate whether any of the Pennsylvania consumers that pay for Payment Protection are part-time or seasonal. These terms are not adequately communicated or defined in any HSBC materials. |

6

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| *State of New Mexico v. Citigroup Inc.* | *Blackie v. Capital One Bank (U.S.A.), N.A.* | *Carr v. Capital One Bank (U.S.A.), N.A.* | *Denton v. Dep't Stores Nat'l Bank* | *Esslinger v. HSBC Bank USA Inc.* |
|---|---|---|---|---|
| **Para. 67.** The Plans limit benefits available to disabled persons. However, Defendants nevertheless fail to affirmatively inform these individuals of the limitations in benefits when they are enrolled. In fact, Defendants do not ask customers whether they are disabled. | - - - - | - - - - | **Para. 27.** Finally, benefits are unavailable or limited for disabled persons, but DSNB nevertheless fails to affirmatively inform these individuals of the limitations in benefits when they are enrolled. | **Para. 52.** Finally, benefits are unavailable or limited for disabled persons, but HSBC nevertheless fails to affirmatively inform these individuals of the limitations in benefits when they are enrolled. In fact, HSBC does not even ask customers whether they are disabled. |
| **Para. 69.** If New Mexico consumers are eventually provided with written materials, the materials themselves are confusing. Based on what is provided, it is virtually impossible for the consumer to determine all of the exclusions and limitations of Payment Protection, or the value of the product. | **Para. 6.** Days or weeks after the sale of Payment Protection, Capital One may in some instances mail written material to the consumer. A consumer cannot decipher the terms and exclusions of the product through the written materials.<br><br>**Para. 24.** It is not possible for the consumer to determine the value of the product, or all of the exclusions and limitations of Payment Protection, from the materials provided by Capital One. | **Para. 6.** Days or weeks after the sale of Payment Protection, Capital One may in some instances mail written material to the consumer. A consumer cannot decipher the terms and exclusions of the product through the written materials.<br><br>**Para. 23.** It is not possible for the consumer to determine the value of the product, or all of the exclusions and limitations of Payment Protection, from the materials provided by Capital One. | **Para. 19.** Subscribers may later be provided with written materials from DSNB. However, it is virtually impossible for the subscriber to determine all of the exclusions and limitations of Payment Protection, or the value of the product, based on what is provided. | **Para. 35.** It is virtually impossible for the subscriber to determine all of the exclusions and limitations of Payment Protection, or the value of the product, based on what is provided. |

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| *State of New Mexico v. Citigroup Inc.* | *Blackie v. Capital One Bank (U.S.A.), N.A.* | *Carr v. Capital One Bank (U.S.A.), N.A.* | *Denton v. Dep't Stores Nat'l Bank* | *Esslinger v. HSBC Bank USA Inc.* |
|---|---|---|---|---|
| **Para. 71.** Defendants' "customer service" support is set up in such a way that New Mexico consumers cannot easily cancel ancillary products or receive answers to benefit questions, nor can they easily file claims or receive benefits for filed claims. | - - - - | - - - - | **Para. 32.** DSNB has intentionally established its customer service system to make it as difficult as possible for subscribers to cancel Payment Protection, to get detailed information about claim benefits or restrictions, or to file claims. | **Para. 58.** HSBC has established its customer service system in such a way that it is difficult for subscribers to cancel Payment Protection, to get detailed information about claim benefits or restrictions, or to file claims. |
| **Para. 72.** Upon information and belief, employees at Defendants' Payment Protection call centers are given authority to deny claims immediately over the phone, but do not have authority to approve payment of benefits to claimants in the same manner. | - - - - | - - - - | **Para. 33.** For example, upon information and belief, employees at DSNB's call center are given authority to deny claims immediately over the phone, but do not have authority to approve claimants to receive benefits in the same manner. | **Para. 59.** For example, upon information and belief, employees at HSBC's call center are given authority to deny claims immediately over the phone, but do not have authority to approve claimants to receive benefits in the same manner. |

8

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| *State of New Mexico v. Citigroup Inc.* | *Blackie v. Capital One Bank (U.S.A.), N.A.* | *Carr v. Capital One Bank (U.S.A.), N.A.* | *Denton v. Dep't Stores Nat'l Bank* | *Esslinger v. HSBC Bank USA Inc.* |
|---|---|---|---|---|
| **Para. 74.** When claims for Payment Protection benefits are denied, Defendants have not implemented a process through which a consumer's Payment Protection premiums are refunded, even if the consumer is deemed to be per se ineligible for Payment Protection benefits. In fact, if a New Mexico consumer is denied Payment Protection benefits, Defendants do not remove the consumer from Payment Protection enrollment going forward, nor do Defendants inform the consumer of his or her continued obligations to pay for Payment Protection, even though the consumer has been deemed to be ineligible for benefits. | **Para. 8.** Capital One does not refund Payment Protection premiums even after it has denied the consumer access to Payment Protection benefits. | **Para. 8.** Capital One does not refund Payment Protection premiums even after it has denied the consumer access to Payment Protection benefits. | **Para. 34.** Further, when claims for Payment Protection benefits are denied, DSNB has not implemented a process through which subscribers' Payment Protection premiums are refunded, even if the subscribers are deemed to be *per se* ineligible for Payment Protection benefits. In fact, if subscribers are denied Payment Protection benefits, DSNB neither affirmatively removes subscribers from Payment Protection enrollment going forward, nor is it DSNB's policy to inform subscribers of their continued obligations pay for Payment Protection even though they have been deemed to be ineligible for benefits. | **Para. 60.** Further, when claims for Payment Protection benefits are denied, HSBC has not implemented a process through which subscribers' Payment Protection premiums are refunded, even if the subscribers are deemed to be per se ineligible for Payment Protection benefits. In fact, if subscribers are denied Payment Protection benefits, HSBC neither affirmatively removes subscribers from Payment Protection enrollment going forward, nor is it HSBC's policy to inform subscribers of their continued obligations pay for Payment Protection even though they have been deemed to be ineligible for benefits. |

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| *State of New Mexico v. Citigroup Inc.* | *Blackie v. Capital One Bank (U.S.A.), N.A.* | *Carr v. Capital One Bank (U.S.A.), N.A.* | *Denton v. Dep't Stores Nat'l Bank* | *Esslinger v. HSBC Bank USA Inc.* |
|---|---|---|---|---|
| **Para. 75.** Although heralded as coverage designed for a consumer's peace of mind and for use when times get tough, [Defendant's] Payment Protection Plan is designed to prey on the financially insecure and is virtually worthless because of the (a) numerous restrictions that are imposed; (b) exclusions of benefits; and (c) administrative and bureaucratic hurdles that are placed in the way of New Mexico consumers who attempt to secure payments from Defendants under Payment Protection coverage. | **Para. 28.** Although heralded as coverage through which Capital One will make minimum credit card payments to a consumer's account upon the occurrence of specified perils, the Payment Protection device is virtually worthless because of the numerous restrictions that are imposed after the consumer buys the product, because of the exclusions of benefits, and because of the administrative and bureaucratic hurdles that are placed in the way of Pennsylvania consumers who attempt to secure payments from Capital One under this coverage. | **Para. 27.** Although heralded as coverage through which Capital One will make minimum credit card payments to a consumer's account upon the occurrence of specified perils, the Payment Protection device is virtually worthless because of the numerous restrictions that are imposed after the consumer buys the product, because of the exclusions of benefits, and because of the administrative and bureaucratic hurdles that are placed in the way of New Jersey consumers who attempt to secure payments from Capital One under this coverage. | **Para. 36.** Although heralded as coverage designed for a subscriber's peace of mind and for use when times get tough, the Payment Protection device is designed to prey on the financially insecure and is virtually worthless because of the numerous restrictions that are imposed, because of the exclusions of benefits, and because of the administrative and bureaucratic hurdles that are placed in the way of Washington subscribers who attempt to secure payments from DSNB under Payment Protection coverage. | **Para. 62.** Although heralded as coverage designed for a subscriber's peace of mind and for use when times get tough, the Payment Protection device is designed to prey on the financially insecure and is virtually worthless because of the numerous restrictions that are imposed, because of the exclusions of benefits, and because of the administrative and bureaucratic hurdles that are placed in the way of Pennsylvania subscribers who attempt to secure payments from HSBC under Payment Protection coverage. |

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| *State of New Mexico v. Citigroup Inc.*[6] | *Kardonick v. Citigroup Inc.*[7] | *Tractenberg v. Citigroup Inc.*[8] | *Walton et al. v. Bank of Am. Corp.*[9] |
|---|---|---|---|
| **Para. 5.** Defendants make no effort to determine whether consumers are eligible for the benefits associated with the Plans at the time of sale, Defendants bill New Mexico consumers for this Payment Protection coverage, regardless of their status at the time of enrollment. | **Para. 6.** CITI makes no effort to determine whether a cardholder is eligible for Payment Protection benefits at the time of sale. As a consequence, the Company bills thousands of retired persons … even though their employment or health status prevents them from receiving benefits under the plan. | **Para. 6.** CITI makes no effort to determine whether a cardholder is eligible for Payment Protection benefits at the time of sale. As a consequence, the Company bills thousands of retired persons … even though their employment or health status prevents them from receiving benefits under the plan. | **Para. 6.** Defendants make no effort to determine whether a cardholder is eligible for Credit Protection benefits at the time of sale. As a consequence, Defendants bill thousands of retired persons … even though their employment or health status prevents them from receiving benefits under the plan. |

---

[6] No. 13-cv-00580 (D.N.M.)
[7] No. 10-cv-23023 (S.D. Fla. filed Aug. 23, 2010)
[8] No. 10-cv-3092 (E.D. Pa. filed June 25, 2010)
[9] No. 11-cv-277 (E.D. Wis. filed Mar. 18, 2011)

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| *State of New Mexico v. Citigroup Inc.* | *Kardonick v. Citigroup Inc.* | *Tractenberg v. Citigroup Inc.* | *Walton et al. v. Bank of Am. Corp.* |
|---|---|---|---|
| **Para. 18.** Upon information and belief, Defendants offer, market and sell ancillary products to all Citi credit card holders, but most aggressively market these products to vulnerable New Mexico consumers who fall into the subprime credit category, who have low credit limits because of impaired credit ratings, or who are looking to establish or re-establish their credit. | **Para. 27.** Upon information and belief, CITI offers Payment Protection to all its credit card customers, but aggressively markets this product to vulnerable Florida consumers who fall into the subprime credit category, or customers who have low credit limits because of impaired credit ratings. | **Para. 27.** Upon information and belief, CITI offers Payment Protection to all its credit card customers, but aggressively markets this product to vulnerable Pennsylvania consumers who fall into the subprime credit category, or customers who have low credit limits because of impaired credit ratings. | **Para. 25.** Upon information and belief, Defendants offer Credit Protection to all their credit card customers, but aggressively market this product to vulnerable Wisconsin consumers who fall into the subprime credit category, or customers who have low credit limits because of impaired credit ratings. |
| **Para. 20.** … Citi's ancillary products are in fact a dense maze of limitations, exclusions, and restrictions, making it impossible for consumers to knowingly determine what these products cover and whether they provide a worthwhile benefit. | **Para. 5.** … CITI's Payment Protection plan is a dense maze of limitations, exclusions and restrictions, making it impossible for consumers to determine what Payment Protection covers and whether it is a sound financial choice. | **Para. 5.** … CITI's Payment Protection plan is a dense maze of limitations, exclusions and restrictions, making it impossible for consumers to determine what Payment Protection covers and whether it is a sound financial choice | **Para. 5.** … Defendants' Credit Protection is a dense maze of limitations, exclusions, and restrictions, making it impossible for any reasonable consumer (to say nothing of those who did not even choose to enroll in the plan) to determine what Credit Protection covers and whether it would be a sound financial choice. |
| **Para. 38.** Many cardholders have no idea they are enrolled in an ancillary product plan and do not notice or appreciate the meaning of the line-item charge for the Plan on their credit card bills. This is because the charge is listed as one of the cardholder's monthly purchases. | **Para. 34.** If Payment Protection is imposed and no written materials are provided, the only way subscribers could ever know they have been enrolled in Payment Protection and are being charged for this product is from noticing a line item fee listed on their monthly credit card statements. | **Para. 34.** If Payment Protection is imposed and no written materials are provided, the only way subscribers could ever know they have been enrolled in Payment Protection and are being charged for this product is from noticing a line item fee listed on their monthly credit card statements. | **Para. 38.** If Credit Protection is imposed and no written materials are provided, the only way subscribers could ever know they have been enrolled in Credit Protection and are being charged for this product is from noticing a line item fee listed on their monthly credit card statements. |

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| State of New Mexico v. Citigroup Inc. | Kardonick v. Citigroup Inc. | Tractenberg v. Citigroup Inc. | Walton et al. v. Bank of Am. Corp. |
|---|---|---|---|
| **Para. 46.** Defendants do not designate Payment Protection as an "insurance product." By so doing, Defendants avoid state regulation … | **Para. 2.** Although CITI's Payment Protection is indistinguishable from a contract of credit insurance, Payment Protection is not marketed or sold as insurance. CITI does not register Payment Protection with the Florida Office of Insurance Regulation, thereby avoiding state regulation. | **Para. 2.** Although CITI's Payment Protection is indistinguishable from a contract of credit insurance, Payment Protection is not marketed or sold as insurance. CITI does not register Payment Protection with the Pennsylvania Department of Insurance, thereby avoiding state regulation. | **Para. 116.** Defendants do not identify Credit Protection as an insurance product, which would require it to provide fees and claims-paid data to state authorities for review and regulation. |
| **Para. 54.** Defendants market Payment Protection as a service for consumers to safeguard their credit card accounts by suspending or crediting the required minimum monthly credit card payments due, or by permanently canceling the credit card account…. | **Para. 28.** CITI markets Payment Protection as a service that will safeguard subscribers' credit card accounts by crediting the required minimum monthly credit card payments due in certain highly restricted circumstances, or permanently canceling accounts in other circumstances. | **Para. 28.** CITI markets Payment Protection as a service that will safeguard subscribers' credit card accounts by crediting the required minimum monthly credit card payments due in certain highly restricted circumstances, or permanently canceling accounts in other circumstances. | - - - - |
| **Para. 57.** Each Payment Protection Plan contains different terms and conditions, which are complicated and varied. However, each of the Plans provides for some form of payment suspension upon the occurrence of the following defined events … The restrictions, limitations, and exclusions associated with these benefit triggering events are expansive and constantly evolving. | **Para. 35.** The terms of CITI's Payment Protection schemes are varied, complicated and always changing. However, all of the various plans provide for some form of benefit upon the occurrence of "covered events" …<br><br>**Para. 37.** The restrictions, limitations and exclusions associated with these Payment Protection covered events and the proofs required to establish them are expansive and constantly evolving. | **Para. 35.** The terms of CITI's Payment Protection schemes are varied, complicated and always changing. However, all of the various plans provide for some form of benefit upon the occurrence of "covered events" ….<br><br>**Para. 37.** The restrictions, limitations and exclusions associated with these Payment Protection covered events and the proofs required to establish them are expansive and constantly evolving. | **Para. 26.** However, the terms of Defendants' Credit Protection program are varied, complicated and always changing. Nevertheless, all of the various plans provide for some form of benefit upon the occurrence of "protected events" …<br><br>**Para. 30**. The restrictions, limitations, and exclusions associated with "protected events" and the proofs required to establish them are expansive, confusing, and constantly evolving. |

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| *State of New Mexico v. Citigroup Inc.* | *Kardonick v. Citigroup Inc.* | *Tractenberg v. Citigroup Inc.* | *Walton et al. v. Bank of Am. Corp.* |
|---|---|---|---|
| **Para. 58.** Defendants do not make a reasonable effort and do not undertake an investigation, including review of information in their possession regarding the cardholder, to determine if Payment Protection coverage would apply to the cardholder…. | **Para. 42.** CITI makes no reasonable efforts and undertakes no investigation, including review of information in its possession regarding the cardholder, to determine if Payment Protection coverage would apply to the cardholder…. | **Para. 42.** CITI makes no reasonable efforts and undertakes no investigation, including review of information in its possession regarding the cardholder, to determine if Payment Protection coverage would apply to the cardholder…. | **Para. 29.** Defendants make no reasonable efforts and undertake no investigation, including review of information in their possession regarding the cardholder, to determine if Credit Protection coverage would apply to the cardholder…. |
| **Para. 59.** Defendants aggressively market and target New Mexico cardholders for enrollment in Payment Protection, even when Defendants have information in their possession indicating that the product may have limited or no value to the particular consumer. | **Para. 42.** Accordingly, CITI engages in marketing to enroll individuals in Payment Protection even when it has information in its possession indicating that the product may have limited or no value to the consumer. | **Para. 42.** Accordingly, CITI engages in marketing to enroll individuals in Payment Protection even when it has information in its possession indicating that the product may have limited or no value to the consumer. | **Para. 29.** Accordingly, Defendants engage in marketing to enroll individuals in Credit Protection even when they have information in their possession indicating that the product may have limited or no value to the consumer. |
| **Para. 60.** Telephone marketing scripts are incomplete, indecipherable, misleading, and use obfuscatory language. Similarly, if provided, the written materials or "information" are incomplete, indecipherable, misleading, and contain obfuscatory language. | **Para. 38.** The telephone marketing scripts and the written materials provided by CITI are incomplete, indecipherable, misleading and obfuscatory. | **Para. 38.** The telephone marketing scripts and the written materials provided by CITI are incomplete, indecipherable, misleading and obfuscatory. | **Para. 31.** The telephone marketing scripts and the written materials provided by Defendants are incomplete, indecipherable, misleading and obfuscatory. |
| **Para. 61.** One example of this misleading and obfuscatory language is Defendants' failure to disclose that Payment Protection is actually akin to an insurance product as noted above. Despite this fact, marketing materials carefully avoid any use of the word "insurance." … | **Para. 39**. An example of the misleading and obfuscatory language is CITI's failure to disclose that Payment Protection is actually akin to an insurance product. Despite this fact, CITI's marketing materials carefully avoid any use of the word "insurance." | **Para. 39.** An example of the misleading and obfuscatory language is CITI's failure to disclose that Payment Protection is actually akin to an insurance product. Despite this fact, CITI's marketing materials carefully avoid any use of the word "insurance." | - - - - |

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| *State of New Mexico v. Citigroup Inc.* | *Kardonick v. Citigroup Inc.* | *Tractenberg v. Citigroup Inc.* | *Walton et al. v. Bank of Am. Corp.* |
|---|---|---|---|
| **Para. 65.** Retired New Mexico cardholders, many of whom are senior citizens, are charged for Defendants' ancillary products, even though they are categorically excluded from receiving many of the Plan's benefits. Defendants do not ask customers whether they are retired. | **Para. 43.** For instance, Florida retired persons, many of whom are senior citizens, are charged for this product even though they are categorically excluded from receiving most or all of the benefits under the plan. In fact, CITI does not even ask customers whether they are retired. | **Para. 43.** For instance, Pennsylvania retired persons, many of whom are senior citizens, are charged for this product even though they are categorically excluded from receiving most or all of the benefits under the plan. In fact, CITI does not even ask customers whether they are retired. | **Para. 35.** For instance, upon information and belief, Wisconsin retired persons are charged for Credit Protection even though they are categorically excluded from receiving most or all of the benefits under the plan. In fact, Defendants do not ask customers whether they are retired. |
| **Para. 66.** New Mexico consumers who are part-time workers, seasonal workers, and workers concluding an employment contract (including ending a military tour of duty) are also limited or categorically excluded from receiving benefits under the Plan. For example, to qualify for benefits, one needs to work a set number of hours a week in employment considered to be permanent. However, Defendants make no effort to investigate whether any of the New Mexico consumers they charge for Payment Protection are part-time, seasonal or military workers. Moreover, these terms are not adequately communicated or defined in written materials. | **Para. 46.** Further, part-time or seasonal workers are also limited or categorically excluded from receiving benefits. To qualify for benefits, one needs to work at least 30 hours a week in employment considered to be permanent. However, CITI makes no effort to investigate whether any of the Florida consumers that pay for Payment Protection are part-time or seasonal. These terms are not adequately communicated or defined in any CITI materials. | **Para. 45.** Further, part-time or seasonal workers are also limited or categorically excluded from receiving benefits. To qualify for benefits, one needs to work at least 30 hours a week in employment considered to be permanent. However, CITI makes no effort to investigate whether any of the Pennsylvania consumers that pay for Payment Protection are part-time or seasonal. These terms are not adequately communicated or defined in any CITI materials. | **Para. 35.** Further, part-time or seasonal workers are also limited or categorically excluded from receiving benefits for loss of employment. To qualify for benefits, one needs to work at least 1,000 hours per year. However, upon information and belief, Defendants make no effort to investigate whether any of the Wisconsin consumers that pay for Credit Protection are part-time or seasonal. |

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| State of New Mexico v. Citigroup Inc. | Kardonick v. Citigroup Inc. | Tractenberg v. Citigroup Inc. | Walton et al. v. Bank of Am. Corp. |
|---|---|---|---|
| **Para. 67.** The Plans limit benefits available to disabled persons. However, Defendants nevertheless fail to affirmatively inform these individuals of the limitations in benefits when they are enrolled. In fact, Defendants do not ask customers whether they are disabled. | **Para. 47.** Finally, benefits are unavailable or limited for disabled persons, but CITI nevertheless fails to affirmatively inform these individuals of the limitations in benefits when they are enrolled. In fact, CITI does not even ask customers whether they are disabled. | **Para. 46.** Finally, benefits are unavailable or limited for disabled persons, but CITI nevertheless fails to affirmatively inform these individuals of the limitations in benefits when they are enrolled. In fact, CITI does not even ask customers whether they are disabled. | **Para. 35**. As another example, benefits for disability are limited … but Defendants nevertheless fail to affirmatively inform these individuals of the limitations in benefits when they are enrolled. |
| **Para. 69.** If New Mexico consumers are eventually provided with written materials, the materials themselves are confusing. Based on what is provided, it is virtually impossible for the consumer to determine all of the exclusions and limitations of Payment Protection, or the value of the product. | **Para. 32.** Even if the subscriber is later provided with written materials from CITI (referred to by CITI as the "Welcome Kit"), it is virtually impossible for the subscriber to determine all of the exclusions and limitations of Payment Protection, or the value of the product, based on what is provided. | **Para. 32.** Even if the subscriber is later provided with written materials from CITI (referred to by CITI as the "Welcome Kit"), it is virtually impossible for the subscriber to determine all of the exclusions and limitations of Payment Protection, or the value of the product, based on what is provided. | **Para. 33.** … Thus, even if the subscriber is later provided with the written materials from Defendants, it is virtually impossible for the subscriber to determine all of the exclusions and limitations of Credit Protection, or the value of the product, based on what is provided. |
| **Para. 71.** Defendants' "customer service" support is set up in such a way that New Mexico consumers cannot easily cancel ancillary products or receive answers to benefit questions, nor can they easily file claims or receive benefits for filed claims. | **Para. 53.** CITI has established its customer service system in such a way that it is difficult for subscribers to cancel Payment Protection, to get detailed information about claim benefits or restrictions, or to file claims. | **Para. 52.** CITI has established its customer service system in such a way that it is difficult for subscribers to cancel Payment Protection, to get detailed information about claim benefits or restrictions, or to file claims. | **Para. 10.** Upon information and belief, Defendants have established their "customer service" support in such a way that subscribers cannot easily cancel the plan or receive answers to benefit questions. Further, upon information and belief, they have established their "claim filing" system in a way to make it difficult for subscribers to file claims or receive benefits for filed claims. |

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| *State of New Mexico v. Citigroup Inc.* | *Kardonick v. Citigroup Inc.* | *Tractenberg v. Citigroup Inc.* | *Walton et al. v. Bank of Am. Corp.* |
|---|---|---|---|
| **Para. 72.** Upon information and belief, employees at Defendants' Payment Protection call centers are given authority to deny claims immediately over the phone, but do not have authority to approve payment of benefits to claimants in the same manner. | **Para. 54.** For example, upon information and belief, employees at CITI's Philippines call center are given authority to deny claims immediately over the phone, but do not have authority to approve claimants to receive benefits in the same manner. | **Para. 53.** For example, upon information and belief, employees at CITI's Philippines call center are given authority to deny claims immediately over the phone, but do not have authority to approve claimants to receive benefits in the same manner. | - - - - |
| **Para. 74.** When claims for Payment Protection benefits are denied, Defendants have not implemented a process through which a consumer's Payment Protection premiums are refunded, even if the consumer is deemed to be per se ineligible for Payment Protection benefits. In fact, if a New Mexico consumer is denied Payment Protection benefits, Defendants do not remove the consumer from Payment Protection enrollment going forward, nor do Defendants inform the consumer of his or her continued obligations to pay for Payment Protection, even though the consumer has been deemed to be ineligible for benefits. | **Para. 55.** Further, when claims for Payment Protection benefits are denied, CITI has not implemented a process through which subscribers' Payment Protection premiums are refunded, even if the subscribers are deemed to be *per se* ineligible for Payment Protection benefits. In fact, if subscribers are denied Payment Protection benefits, CITI neither affirmatively removes subscribers from Payment Protection enrollment going forward, nor is it CITI's policy to inform subscribers of their continued obligations pay for Payment Protection even though they have been deemed to be ineligible for benefits. | **Para. 54.** Further, when claims for Payment Protection benefits are denied, CITI has not implemented a process through which subscribers' Payment Protection premiums are refunded, even if the subscribers are deemed to be *per se* ineligible for Payment Protection benefits. In fact, if subscribers are denied Payment Protection benefits, CITI neither affirmatively removes subscribers from Payment Protection enrollment going forward, nor is it CITI's policy to inform subscribers of their continued obligations to pay for Payment Protection even though they have been deemed to be ineligible for benefits. | **Para. 44.** Further, when claims for Credit Protection benefits are denied, Defendants have not implemented a process through which subscribers' Credit Protection premiums are refunded, even if the subscribers are deemed to be ineligible for Credit Protection benefits. In fact, if subscribers are denied Credit Protection benefits, Defendants neither affirmatively remove subscribers from Credit Protection enrollment going forward, nor is it Defendants' policy to inform subscribers of their continued obligations to pay for Credit Protection even though they have been deemed to be ineligible for benefits. |

Comparison of Allegations in *State of New Mexico v. Citigroup Inc.* with Private Class Actions Filed by the Same Attorneys

| *State of New Mexico v. Citigroup Inc.* | *Kardonick v. Citigroup Inc.* | *Tractenberg v. Citigroup Inc.* | *Walton et al. v. Bank of Am. Corp.* |
|---|---|---|---|
| **Para. 75.**  Although heralded as coverage designed for a consumer's peace of mind and for use when times get tough, [Defendant's] Payment Protection Plan is designed to prey on the financially insecure and is virtually worthless because of the (a) numerous restrictions that are imposed; (b) exclusions of benefits; and (c) administrative and bureaucratic hurdles that are placed in the way of New Mexico consumers who attempt to secure payments from Defendants under Payment Protection coverage. | **Para. 57.**  Although heralded as coverage designed for a subscriber's "protection and peace of mind," the Payment Protection device is designed to prey on the financially insecure and is virtually worthless because of the numerous restrictions that are imposed, because of the exclusions of benefits, and because of the administrative and bureaucratic hurdles that are placed in the way of Florida subscribers who attempt to secure payments from CITI under Payment Protection coverage. | **Para. 56.**  Although heralded as coverage designed for a subscriber's "protection and peace of mind," the Payment Protection device is designed to prey on the financially insecure and is virtually worthless because of the numerous restrictions that are imposed, because of the exclusions of benefits, and because of the administrative and bureaucratic hurdles that are placed in the way of Pennsylvania subscribers who attempt to secure payments from CITI under Payment Protection coverage. | **Para. 45.**  Although heralded as coverage designed to protect a subscriber's credit card account "precisely during the times you need it most" and give subscribers "peace of mind protection for the unexpected," the Credit Protection device is designed to prey on the financially insecure and is virtually worthless because of the numerous restrictions that are imposed, because of the exclusions of benefits, and because of the administrative and bureaucratic hurdles that are placed in the way of Wisconsin subscribers who attempt to secure payments from Defendants under Credit Protection coverage. |