UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO ex rel. GARY KING, ATTORNEY GENERAL,<br><br>              Plaintiff,<br><br>   v.<br><br>CITIGROUP INC., CITIBANK, N.A., and DEPARTMENT STORES NATIONAL BANK,<br><br>              Defendants. | Case No. 13-CV-00580 MV-KBM |

**DEFENDANT CITIGROUP INC.'S
RULE 12(b)(6) MOTION TO DISMISS THE AMENDED COMPLAINT
<u>FOR FAILURE TO STATE A CLAIM</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

MOTION .................................................................................................................................... 1

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ....................................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

I.     THE COMPLAINT FAILS TO STATE A CLAIM AGAINST CITIGROUP .................. 2

CONCLUSION .......................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................................. 2, 3

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ....................................................................................................... 3

*Brennan v. Concord EFS, Inc.*,
 369 F. Supp. 2d 1127 (N.D. Cal. 2005) ......................................................................... 5

*Colman v. Wendover Funding*,
 89 F.3d 849 (Table), 1996 WL 316460 (10th Cir. 1996) ............................................... 6

*Gillespie v. HSBC N. Am. Holdings, Inc.*,
 No. 05-cv-362, 2006 WL 2735135 (M.D. Fla. Sept. 25, 2006) ..................................... 5

*Lane v. Capital Acquisitions & Mgmt. Co.*,
 No. 04-60602 CIV, 2006 WL 4590705 (S.D. Fla. Apr. 14, 2006) ................................. 4

*Lipscomb v. Mortg. Elec. Registration Sys., Inc.*,
 No. 11-cv-497, 2011 WL 3361132 (E.D. Cal. Aug. 3, 2011) ........................................ 5

*McAnaney v. Astoria Fin. Corp.*,
 665 F. Supp. 2d 132 (E.D.N.Y. 2009) ........................................................................... 7

*Medina v. Bauer*,
 No. 02-cv-8837 (DC), 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004) ............................... 4

*New Mexico ex rel. Foy v. Vanderbilt Capital Advisors, LLC*,
 No. 09-cv-0178, 2009 WL 3672921 (D.N.M. Apr. 13, 2009) ....................................... 4

*Robbins v. Oklahoma*,
 519 F.3d 1242 (10th Cir. 2008) ................................................................................. 3, 4

*Robey-Harcourt v. Bencorp Fin. Co.*,
 326 F.3d 1140 (10th Cir. 2003) ..................................................................................... 6

*Scott v. AZL Res., Inc.*,
 753 P.2d 897 (N.M. 1988) .......................................................................................... 7, 8

*Two Old Hippies, LLC v. Catch the Bus, LLC*,
 784 F. Supp. 2d 1200 (D.N.M. 2011) ............................................................................ 3

*United States v. Bestfoods, Inc.*,
    524 U.S. 51 (1998) ......................................................................................................... 7

*West v. Bank of Am., N.A.*,
    No. 10-cv-1966, 2011 WL 2491295 (D. Nev. June 22, 2011) ................................................. 5

### STATUTES AND RULES

12 C.F.R. § 1026.1(c)(1) ........................................................................................................ 6

12 C.F.R. § 1026.2(a)(17)(i) .................................................................................................. 6

12 C.F.R. § 1026.2(a)(17)(iii) ................................................................................................ 6

12 C.F.R. § 1026.2(a)(1)(iv) .................................................................................................. 6

12 C.F.R. § 1026.6(b)(3)(ii)(F) .............................................................................................. 6

12 C.F.R. § 1026.6(b)(5) ....................................................................................................... 6

15 U.S.C. § 1640 ................................................................................................................... 6

15 U.S.C. § 1641 ................................................................................................................... 6

F.R.C.P. 8(a) ......................................................................................................................... 4

F.R.C.P. 12(b)(6) .............................................................................................................. 1, 2

L.R. 7.1(a) ............................................................................................................................. 1

N.M. Stat. Ann. § 57-12-2(A) ............................................................................................... 5

N.M. Stat. Ann. § 57-12-8(A) ............................................................................................... 5

**MOTION**

Defendant Citigroup Inc. ("Citigroup") hereby moves to dismiss the Amended Complaint (the "Complaint") in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

The New Mexico Attorney General has brought suit against Citigroup, Citibank, N.A. ("Citibank"), and Department Stores National Bank ("DSNB") for alleged unfair and deceptive practices in violation of state and federal law based on the sale and marketing of "payment protection" plans related to consumers' credit card accounts. The Complaint, however, alleges no facts about any relevant conduct by Citigroup, a holding company that does not extend credit or sell payment protection products to consumers. As such, the claims against Citigroup should be dismissed for failure to state a claim.[1]

**BACKGROUND**

The Attorney General alleges that the defendants engaged in unfair, deceptive, and unconscionable trade practices related to "payment protection plans." *See* Compl. ¶¶ 10, 82. Payment protection plans—also known as debt cancellation contracts and debt suspension agreements—are contracts authorized and regulated by federal law, which provide for the cancellation or suspension of a credit card holder's obligation to repay his or her credit card debt

---

[1]   To the extent that the Attorney General's claims against Citigroup are not dismissed on the grounds stated herein, Citigroup adopts the arguments and authorities set forth in Defendant Citibank, N.A.'s and Department Stores National Bank's Rule 12(b)(6) Motion to Dismiss the Amended Complaint for Failure to State a Claim, Dkt. No. 23, filed on August 7, 2013. *See* L.R. 7.1(a) ("A party may adopt by reference another party's motion or other paper by making specific reference to the filing date and docket number of such motion or other paper.").

under certain circumstances, such as disability, death, or involuntary unemployment.  *See id.* ¶¶ 21, 54, 60.  The Attorney General claims that the defendants violated the New Mexico Unfair Practices Act (the "NMUPA") and federal banking regulations by, among other things, enrolling customers in payment protection without their consent, enrolling customers who were ineligible for certain benefits of payment protection plans, charging fees that resulted in a "gross disparity" because the value received and the price paid for the plans, failing to disclose the material terms and conditions of the plans, and misrepresenting the terms of the plans to certain customers.  *See, e.g.*, *id.* ¶¶ 52, 62, 64, 85, 86.

The Attorney General also names Citigroup as a defendant.  The Complaint groups Citigroup, Citibank, and DSNB together by alleging conduct on the part of "Defendants" generally, and does not differentiate between the alleged conduct of any of the three separate entities.  In fact, the *only* allegations in the entire complaint relating specifically to Citigroup are that (i) it is a "publicly traded" "Delaware corporation" with "its principal place of business in New York," and (ii) it is a "holding company which has control over Defendants Citibank, N.A. and Department Stores National Bank."  *Id.* ¶ 11.  Not a single statement in the Complaint alleges that Citigroup itself offers credit cards or related products, identifies Citigroup's alleged role in the challenged conduct, or establishes that Citigroup "has control over" Citibank or DSNB with respect to their offering of credit cards or related products.

## ARGUMENT

I.     THE COMPLAINT FAILS TO STATE A CLAIM AGAINST CITIGROUP

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To state a plausible claim, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1200, 1220 (D.N.M. 2011) (internal quotations and citations omitted).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

The Complaint fails to state a claim against Citigroup.  Unlike Citibank and DSNB—national banks that offer credit cards and related products pursuant to their federally authorized lending powers under the National Bank Act—Citigroup is not a bank but a bank holding company.  Compl. ¶ 11.  The Complaint does not specifically allege that Citigroup, as a bank holding company, extends credit to consumers, much less that it offers credit cards or the related products at issue in this litigation.  Instead, the Complaint claims only that Citigroup "has control over" Citibank and DSNB.  *Id.*  The Complaint asserts no specific allegations of misconduct against Citigroup, but rather purports to include Citigroup in the defined terms "Defendants" and "Citi," Compl. at 1, and then makes allegations against "Defendants" and "Citi" generally, *see id.* ¶¶ 1-9, 14, 18-37, 40-46, 49-54, 56, 58-59, 61-68, 70-76, 82-90, 93-99.

The Complaint fails to state a claim against Citigroup for three reasons.  First, the Court is not obligated, on a motion to dismiss, to credit allegations about "Defendants" as a group.  In *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008), the Tenth Circuit admonished plaintiffs that it will not "speculate" on what particular act an individual defendant is to have committed when the complaint paints its allegations with a broad brush against "defendants" as a whole:

> [T]he burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants.  Given the complaint's use of either the collective

term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular [unlawful] acts they are alleged to have committed.

*Id.* at 1250.[2]  Where multiple defendants are sued, the complaint must "make clear exactly who is alleged to have done what to whom . . . as distinguished from collective allegations." *Id.*

In *New Mexico ex rel. Foy v. Vanderbilt Capital Advisors, LLC*, No. 09-cv-0178, 2009 WL 3672921 (D.N.M. Apr. 13, 2009), Judge Brack dismissed a claim against a bank based on the Tenth Circuit's admonition in *Robbins*.  In that case, the plaintiff sued multiple defendants, but the only "identifiable" allegation against defendant JP Morgan Chase Bank, N.A., was that "[i]t provided banking and investment banking and other services and products." *Id.* at *5.  The court found this allegation insufficient, observing that "[t]o allege that JP Morgan Chase Bank, N.A., provided banking and investment banking services is to accuse a bank of doing exactly what banks ought to do."  *Id.*  Likewise, here, the only allegation against Citigroup, a bank holding company, is that it controls two banks—in Judge Brack's words, "exactly what bank [holding companies] ought to do."

Rule 8(a)'s bar on pleading allegations against multiple defendants as a group is especially strong where, as here, a plaintiff is "suing both a parent corporation and its subsidiary." *Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *4-5 (S.D. Fla. Apr. 14, 2006).  For these reasons, courts routinely dismiss claims against

---

[2]   While *Robbins* concerned allegations directed at natural persons potentially subject to qualified immunity, this principle applies with equal force to allegations against corporate entities.  Indeed, two of the cases cited by *Robbins* dismissed claims against corporations on these grounds.  *See Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006); *Medina v. Bauer*, No. 02-cv-8837 (DC), 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004).

financial holding companies at the pleading stage where complaints fail to distinguish between the alleged acts of the holding companies and their affiliates. *See, e.g.*, *Lipscomb v. Mortg. Elec. Registration Sys., Inc.*, No. 11-cv-497, 2011 WL 3361132, at *6 (E.D. Cal. Aug. 3, 2011) (granting Citigroup's motion to dismiss where "none of the allegations mention[ed]" Citigroup); *West v. Bank of Am., N.A.*, No. 10-cv-1966, 2011 WL 2491295, at *2 (D. Nev. June 22, 2011) (granting Bank of America's motion to dismiss when complaint "merely state[d] that defendants committed the alleged wrongful actions, but fail[ed] to distinguish between the defendants and their actions"); *Brennan v. Concord EFS, Inc.*, 369 F. Supp. 2d 1127, 1135-37 (N.D. Cal. 2005) (granting JPMorgan Chase Bank & Co.'s motion to dismiss because "there are no allegations in the complaint specifically connecting" it to the alleged wrongdoing); *Gillespie v. HSBC N. Am. Holdings, Inc.*, No. 05-cv-362, 2006 WL 2735135, at *5 (M.D. Fla. Sept. 25, 2006) (dismissing claims against parent bank holding company where plaintiff did not allege why holding company "should be held vicariously liable for the actions of" its subsidiary or mention holding company in any of the allegations or claims).

Second, the statutes and regulations pursuant to which the Attorney General brings his claims do not reach Citigroup. The NMUPA permits the Attorney General to bring an action "[w]henever [he] has reasonable belief that any person is using, has used or is about to use any method, act or practice which is declared by the Unfair Practices Act to be unlawful." N.M. Stat. Ann. § 57-12-8(A). The statute further defines "person" to mean "natural persons, corporations, trusts, partnerships, associations, cooperative associations, clubs, companies, firms, joint ventures or syndicates," *id.* § 57-12-2(A), but does not include in that definition parent corporations or other affiliates of such persons. Nor is there any separate provision authorizing

suits against corporate parents or affiliates or other "control persons," as under the federal securities laws, separate from the "person" believed to be committing an act or practice prohibited by the NMUPA.  Thus, while the Attorney General is authorized to bring suit against a corporate entity that itself is using, has used, or is about to use an unlawful practice, there is no basis in the statute for actions against the parent of such an entity.

Likewise, with certain exceptions not relevant here, Regulation Z applies only to "each individual or business that offers or extends credit."  12 C.F.R. § 1026.1(c)(1) (defining scope of coverage for all of 12 C.F.R. part 1026); *see also* 15 U.S.C. §§ 1640, 1641 (limiting civil liability under the TILA to "creditors" and "assignee[s] of such creditors").  The provisions at issue here impose obligations only on a "creditor," defined as "[a] person who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than four installments (not including a down payment), and to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract."  12 C.F.R. § 1026.2(a)(17)(i).[3]  Citibank and DSNB extend credit and consumers' obligations under their credit cards are payable to Citibank and DSNB, but neither statement is (or can be) alleged to be true as to Citigroup.  Accordingly, Regulation Z does not apply to Citigroup.  *See, e.g.*, *Robey-Harcourt v. Bencorp Fin. Co.*, 326 F.3d 1140, 1142 (10th Cir. 2003) (affirming grant of summary judgment because defendant mortgage broker was not a "creditor" within the meaning

---

[3] For purposes of the Attorney General's claims under Sections 1026.6(b)(3)(ii)(F) and 1026.6(b)(5), the definition of creditor also includes "any card issuer that extends either open-end credit or credit that is not subject to a finance charge and is not payable by written agreement in more than four installments" and "card issuer that extends closed-end credit that is subject to a finance charge or is payable by written agreement in more than four installments."  12 C.F.R. § 1026.2(a)(17)(iii), (iv).  These definitions are equally inapplicable to Citigroup.

of TILA and Regulation Z); *Colman v. Wendover Funding*, 89 F.3d 849 (Table), 1996 WL 316460, at *5 (10th Cir. 1996) (loan servicer); *McAnaney v. Astoria Fin. Corp.*, 665 F. Supp. 2d 132, 142-145 (E.D.N.Y. 2009) (bank holding companies).

Third, even accepting as true the Attorney General's conclusory allegation that Citigroup "has control over" the two bank defendants, the Complaint does not plead facts on the basis of which this Court could pierce the corporate veil and find Citigroup liable for Citibank's and DSNB's alleged violations of the NMUPA and Regulation Z.  "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods, Inc.*, 524 U.S. 51, 61 (1998) (citation and internal quotation marks omitted).  Under New Mexico law, the mere allegation that one entity "has control over" another is insufficient to pierce the corporate veil so as to hold a parent corporation liable for the actions of its subsidiaries:

> A subsidiary and its parent corporation are also viewed as independent corporations. . . . Only under special circumstances will the courts disregard the corporate entity to pierce the corporate veil holding individual shareholders or a parent corporation liable.  This is done where the corporation was set up for fraudulent purposes or where to recognize the corporation would result in injustice.

*Scott v. AZL Res., Inc.*, 753 P.2d 897, 900 (N.M. 1988).  "Mere control by the parent corporation is not enough to warrant piercing the corporate veil.  Some form of moral culpability attributable to the parent, such as use of the subsidiary to perpetrate a fraud, is required." *Id.* at 901.  New Mexico courts have held that three elements must be satisfied meet this burden: "a showing of instrumentality or domination, improper purpose and proximate causation."  *Id.* at 900. "'Instrumentality' or 'domination' means proof that the subsidiary or other subservient

corporation was operated not in a legitimate fashion to serve the valid goals and purposes of that corporation but it functioned instead under the domination and control and for the purposes of some dominant party." *Id.*

Here, the Attorney General does not plead facts beyond the bare allegation that Citigroup "has control over" Citibank and DSNB. The Attorney General certainly does not plead facts which would support a finding that Citibank and DSNB were not "operated in a legitimate fashion," functioned only under the "domination and control" of Citigroup, or that Citigroup uses Citibank and DSNB to "perpetrate a fraud" or engage in other wrongful conduct. Accordingly, on the allegations in the Complaint, Citigroup cannot be liable for a subsidiary's violation of NMUPA or Regulation Z, and the Court should dismiss Citigroup from this case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that this Court dismiss the Amended Complaint as to Citigroup.

DATED: August 7, 2013

                  /s/ W. Spencer Reid
W. Spencer Reid
Justin B. Breen
KELEHER & MCLEOD
Albuquerque Plaza
201 Third Street NW, 12th Floor
Albuquerque, New Mexico 87102
Tel: (505) 346-4646
Fax: (505)346-1370
E-mail: sr@keleher-law.com
        jbb@keleher-law.com

Robert W. Trenchard
Noah Levine
WILMER CUTLER PICKERING HALE
  AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
E-mail: robert.trenchard@wilmerhale.com
        noah.levine@wilmerhale.com

*Counsel for Defendants Citigroup Inc., Citibank, N.A., and Department Stores National Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2013, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send a notification of such filing to the counsel of record who have entered appearances in this action.

          /s/ W. Spencer Reid
W. Spencer Reid